14

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DAX MICHAEL HAWKINS (#532345)

(Enter above the full name of the plaintiff(s), including prisoner number, in this a you cannot list all plaintiffs in the space provided, please write "see attached" a names on an additional page.)

Case: 2:26-cv-14321
Assigned To : McMillion, Brandy R.
Referral Judge: Grand, David R.
Assign. Date : 11/13/2026
Description: CMP DAX HAWKINS V. ERICA VIVERETTE ET AL (CC)

v.

Erica Viverette, RN (JCF)

Kenneth McKay, RN (JCF)

Unknown Osbourne (JCF)

Unknown Dittmer (JCF)

VitalCore Health Strategies

(Enter above the full name of the defendant(s) in this action. If you cannot list all defendants in the space provided, please write "see attached" and list all names on an additional page.)

**COMPLAINT**
*(Print Clearly)*

I. **Previous Lawsuits**

**CAUTION:** The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $405.00 filing fee regardless of whether your complaint is dismissed.

A. Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility? Yes ☐ No ☒

B. If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

1. Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

   ______________________________

2. Is the action still pending? Yes ☐ No ☐

   a. If your answer was no, state precisely how the action was resolved: ______________________________

3. Did you appeal the decision? Yes ☐ No ☐

4. Is the appeal still pending? Yes ☐ No ☐

   a. If not pending, what was the decision on appeal? ______________________________

5. Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit? Yes ☐ No ☐

   a. If so, explain: ______________________________

II. **Parties**

A. Plaintiff(s)

Enter your name, place of confinement, address, and place of confinement during the events described in the complaint in the blanks below. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff Dax Michael Hawkins

Place of Present Confinement Bellamy Creek Correctional Facility

Address 1727 W. Bluewater Hwy., Ionia, MI 48846

Place of Confinement During Events Described in Complaint G. Robert Cotton Corr. Fac.

B. Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. Provide the same information for each additional defendant. If there are more than six defendants attach extra sheets as necessary.

Name of Defendant #1 Erica Viverette

Position or Title Registered Nurse

Place of Employment G. Robert Cotton Correctional Facility/Health Care

Address 3500 N. Elm Road, Jackson, MI 49201

Official and/or personal capacity? Official and Personal Capacity

Name of Defendant #2 Kenneth McKay

Position or Title Registered Nurse

Place of Employment G. Robert Cotton Correctional Facility/Health Care

Address 3500 N. Elm Road, Jackson, MI 49201

Official and/or personal capacity? Official and Personal Capacity

Name of Defendant #3 [Unknown] Osbourne

Position or Title Transportation Officer

Place of Employment G. Robert Cotton Correctional Facility/Transportation

Address 3500 N. Elm Road, Jackson, MI 49201

Official and/or personal capacity? Personal Capacity

Name of Defendant #4 [Unknown] Dittmer

Position or Title Transportation Officer

Place of Employment G. Robert Cotton Correctional Facility/Transportation

Address 3500 N. Elm Road, Jackson, MI 49201

Official and/or personal capacity? Personal Capacity

Name of Defendant #5 VitalCore Health Strategies

Position or Title Health Care Provider for Michigan Department of Corrections

Place of Employment G. Robert Cotton Correctional Facility

Address 3500 N. Elm Road, Jackson, MI 49201

Official and/or personal capacity? Official Capacity

## III. Statement of Claim

State here the **facts** of your case. Describe how each defendant is personally involved. Include also the names of other persons involved, dates and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. **Do not include unrelated claims.** Use as much space as you need. Attach extra sheets if necessary.

ON 5/14/25 I SUBMITTED A HEALTH CARE REQUEST (CHJ-549) WITH SYMPTOMS OF LABORED BREATHING, PAIN IN MY STERNUM AND HEAVY PHLEGM IN MY THROAT. AS A RESPONSE, BY DEFENDANT VIVERETTE [RN], I WAS TOLD THAT I WAS SCHEDULED FOR A NURSING CLINICAL ENCOUNTER. HOWEVER, NOTHING HAPPENED. ON 5/22/25 I THEN SUBMITTED A SECOND REQUEST WITH THE SAME SYMPTOMS. THIS WAS RESPONDED TO BY DEFENDANT MCKAY [RN], INDICATING THAT A NURSING APPOINTMENT WOULD BE SCHEDULED. AGAIN, I WAS NOT SEEN/TREATED. ON 6/4/25 I AWOKE WITH EXCESSIVE FLUID IN MY CHEST CAVITY MAKING IT EXTREMELY HARD TO BREATHE. I WAS SUBSEQUENTLY TAKEN TO JCF HEALTH SERVICES WHERE I WAS SEEN AND TREATED BY NURSE SCHEWELL. UPON OBTAINING MY VITAL SIGNS SHE DETERMINED THAT IT WOULD BE BEST TO SEND ME TO THE ER. THE MEDICAL PROVIDER (DEFENDANT VITALCORE HEALTH STRATEGIES) INITIALLY DENIED THIS REQUEST. INSTEAD, DEFENDANT VITALCORE ORDERED A BREATHING TREATMENT. IT WASN'T UNTIL FOUR REQUESTS LATER AND SEVERAL HOURS THAT I WAS FINALLY SENT TO THE ER AT HENRY FORD HOSPITAL. ONCE AT THE ER IT WAS DETERMINED THAT I HAD 17% HEART FUNCTION AND THAT THERE WERE SEVERAL BLOCKAGES WHICH CAUSED THE LABORED BREATHING AND FLUID BUILDUP. I HAD EMERGENCY TRIPLE BYPASS HEART SURGERY. IT IS THE CONTENTION OF THE PLAINTIFF THAT DEFENDANTS VIVERETTE, MCKAY AND VITALCORE ALL ACTED WITH DELIBERATE INDIFFERENCE AND GROSS NEGLIGENCE. IT WASN'T THAT DEFENDANTS VIVERETTE, MCKAY AND VITALCORE WERE MERELY NEGLIGENT BUT THAT THEY KNEW, OR SHOULD HAVE KNOWN, THAT WHAT THEY WERE DOING WAS WRONG AND UNCONSTITUTIONAL. THERE CAN BE NO MORE OF A SERIOUS MEDICAL NEED THAN COMPLAINTS OF THE HEART AND LABORED BREATHING OR THE BUILD UP OF FLUIDS WITHIN THE CHEST CAVITY. THERE CAN BE NO EVOLVING STANDARD OF DECENCY THAT WOULD ALLOW SOMEONE TO IGNORE COMPLAINTS ABOUT THE HEART AND BREATHING. DEFENDANTS VIVERETTE AND MCKAY ACTED IN THEIR INDIVIDUAL CAPACITY BY FAILING TO FOLLOW THE PROPER PROTOCOL FOR SOMEONE COMPLAINING OF CHEST PAINS AND LABORED BREATHING AS THIS WOULD CONSTITUTE A MEDICAL EMERGENCY, PER MDOC POLICY, WHICH REQUIRES AN IMMEDIATE EXAMINATION AND THAT WAS NOT DONE. THEY ALSO BOTH OPERATED IN THEIR OFFICIAL CAPACITIES AS THE PRACTICES OF VITALCORE, THEIR CONTRACTUAL EMPLOYER, MANDATES THAT THEY PERFORM THE LEAST AMOUNT OF CARE AT FIRST AND THEN MORE CARE IF THERE IS A LATER DEMONSTRATED NEED FOR SUCH. DEFENDANT VITALCORE OPERATED IN ITS OFFICIAL CAPACITY, AS A CONTRACTUAL PARTNER WITH THE MDOC TO CARE FOR MDOC PRISONERS, WHERE THEIR COMPANY POLICY IS TO INITIALLY PROVIDE THE LEAST AMOUNT OF CARE AND THEN PROGRESSIVELY PROVIDING MORE CARE UPON A DEMONSTRATED NEED FOR SUCH. THAT TREATMENT MODEL CAUSED THE PLAINTIFF EXTENSIVE AND PROLONGED PAIN AND SUFFERING IN VIOLATION OF HIS RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT AND TO BE PROPERLY TREATED FOR A SERIOUS MEDICAL NEED.

Grievance for above is: JCF/2025/07/1392/28E | Grievance for below is: JCF/2025/07/1448/28E (Attached)

FOLLOWING MY HEART SURGERY I WAS BEING TRANSPORTED FROM HENRY FORD HOSPITAL TO A MDOC MEDICAL FACILITY (DUANE WATERS). I WAS BEING TRANSPORTED BY DEFENDANTS OSBOURNE AND DITTMER VIA AN MDOC TRANSPORTATION VAN. SAID VAN HAD AN IDENTIFICATION NUMBER OF 6112. ON THIS DAY, 7/6/25, THE OUTSIDE TEMPERATURE WAS OVER 90°. ONCE AT THE VAN I IMMEDIATELY NOTICED THAT THE INSIDE TEMPERATURE OF THE VAN WAS EXCEEDING THAT OUTSIDE THE VAN. I ADVISED DEFENDANTS OSBOURNE AND DITTMER OF SUCH AND THEY AGREED. THERE WAS AN ATTEMPT BY DEFENDANT OSBOURNE TO TURN ON THE AIR CONDITIONING BUT BECAUSE OF THERE BEING A MISSING CONSOLE KNOB HE WAS UNABLE TO ACCESS AIR TO THE REAR OF THE VAN. I WAS FORCED TO SIT IN AN SWELTERING VAN FOR THE PERIOD OF TIME THAT DEFENDANT DITTMER RETURNED THE WHEEL CHAIR TO THE HOSPITAL WHICH I ASSUME WAS OVER FIVE MINUTES. DURING THIS TIME I AM DRENCHED IN SWEAT AND COMPLAINING OF LABORED BREATHING. AT SOME POINT I PASSED OUT FROM AN INABILITY TO BREATH. WHEN I REGAINED CONSCIOUSNESS I WAS IN THE PARKING LOT OF DUANE WATERS MEDICAL CENTER. DUE TO MY COLLAPSING IN THE VAN I WAS LAYING ON MY SIDE AND WAS AWAKEN BY DEFENDANT OSBOURNE WRENCHING MY ARM IN AN EFFORT TO WAKE ME AND REMOVE ME FROM THE VAN. I PLEADED WITH HIM TO STOP EXPLAINING TO HIM THAT I HAD JUST HAD HEART SURGERY AND THAT I WAS STILL IN EXTREME PAIN AND DISCOMFORT. AT THAT POINT I WAS UNABLE TO STAND ON MY OWN AND SO DEFENDANT DITTMER HAD TO LEAN AGAINST ME IN ORDER TO STAND ME UP. ONCE INTO DUANE WATERS AND MY VITALS BEING TAKEN MY BLOOD PRESSURE WAS EXCESSIVELY LOW (67/81) AS A RESULT OF THE LACK OF CARE BY DEFENDANTS OSBOURNE AND DITTMER WHO KNEW OR SHOULD HAVE KNOWN THAT SOMEONE JUST REMOVED FROM HEART SURGERY SHOULD NOT BE PLACED IN OR TRANSPORTED IN A VAN WITH TEMPERATURES EXCEEDING 100°. THEY BOTH ACTED IN THEIR PERSONAL CAPACITY BECAUSE THE MDOC HAS IN PLACE WELL ESTABLISHED POLICIES AND PROCEDURES THAT WOULD PROHIBIT THE USAGE OF A VAN WITH FAULTY EQUIPMENT AND THESE TWO DEFENDANT'S CHOSE TO VIOLATE SAID POLICY BY FAILING TO EITHER CHECK THE VAN FOR PROPER FUNCTIONALITY AND/OR FAILING TO REPORT SUCH EQUIPMENT FAILURES WHICH WOULD HAVE RESULTED IN THERE BEING A DIFFERENT TRANSPORTATION VEHICLE BEING USED. THE OVERWHELMING PAIN, DISCOMFORT AND SUFFERING THAT I WAS MADE TO ENDURE BY THESE DEFENDANTS SHOW A CLEAR AND WANTON DISREGARD TO MY SERIOUS MEDICAL NEEDS AS WELL AS A DELIBERATE INDIFFERENCE TO MY MEDICAL NEEDS WHICH THEY WERE, OR SHOULD HAVE BEEN, AWARE OF.

IV. **Relief**

State briefly and precisely what you want the court to do for you.

I want the Court to award me both compensatory and punitive damages. I contend that compensatory damages are merited as a result of my physical injuries in that had my requests to be treated been honored I would not have continued to suffer pains in my chest that eventually led to my needing emergency heart surgery. I am seeking compensatory damages in the amount of $800,000.00. I am seeking punitive damages in the amount of $500,000.00 in order to deter the conduct of the Defendants and to ensure that I am properly treated in the future as well as similar individuals.

V. **Notice to Plaintiff Regarding Consent**

In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, you are hereby notified that the United States magistrate judges of this district court may, upon your consent, conduct any or all proceedings in this case, including a jury trial and entry of a final judgment. If you consent, any appeal from a judgment entered by a magistrate judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Magistrate judges have greater flexibility in their schedules than district judges, who have heavy criminal caseloads that take priority over civil trials. Accordingly, the magistrate judges are generally able to schedule prisoner civil rights cases for jury trial much sooner, and they are able to provide firm trial dates. Magistrate judges are experienced trial judges who handle a great number of prisoner civil rights cases.

Your decision to consent to the dispositive jurisdiction of a United States magistrate is entirely voluntary. If you do not consent to a magistrate judge, the case will be randomly assigned to a district judge. The magistrate judge already assigned to this case would continue to decide all pretrial matters and would handle all dispositive motions by report and recommendation.

Please check **ONE** box below to indicate whether you voluntarily consent to proceed with a United States magistrate judge or if you would instead prefer that the case be assigned to a district judge.

[X] I hereby voluntarily consent to the United States magistrate judge conducting all proceedings in this case, including entry of a final judgment and all post-judgment matters.

[ ] I request that this case be assigned to a district judge.

11-4-26
**Date**

**Signature of Plaintiff**

**NOTICE TO PLAINTIFF(S)**

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

**Michigan Department of Corrections**
**GRIEVANCE REJECTION LETTER**

**DATE:** **7/21/2025**

**TO:** **HAWKINS** **532345** **LOCATION:** **JCF** **E-22**

**FROM:** **Grievance Coordinator: Cobb**

**SUBJECT:** Receipt/Rejection/Denial for Step I Grievance

Your Step I grievance regarding **untimely**
was received in this office on **7/21/2025** and was rejected due to the following reason:
**The Step I Grievance Office staff have carefully examined the content of your Step I grievance. This examination reveals that you have exceeded your time limits in filing a grievance on issue(s) that concern you, and at the same time provided no reasonable circumstance beyond your control that would have prevented you from filing this grievance in a timely fashion. This office is returing you grievance to you without investigation for these reasons. If you have further questions consult OP 03.02.130, which is available in the institutional library.**

Any future references to this grievance should utilize this identifier:

**JCF / 2025 / 07 / 1448 / 28E**

7/21/25

**Respondent** **Date**

7/22/21

**Reviewer** **Date**

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4247 10/94
CSJ-247A

# PRISONER/PAROLEE GRIEVANCE FORM

Date Received at Step I [illegible] Grievance Identifier: [ ]

**Be brief and concise in describing your grievance issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Dox Hawkins | 532345 | JCF | [illegible] | [illegible] | [illegible] |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? [illegible]
If none, explain why.

Grievant spoke to staff involved. However [illegible] he was unable to file this within the timeframe. This is sufficient [illegible] delay as covered by Policy Directive 03.02.130 [illegible] in the hospital and under care of the hospital [illegible]

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

[illegible] SEE ATTACHED [illegible]

Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☐ No If No, give explanation. If resolved, explain resolution.)

Respondent's Signature | Date | Reviewer's Signature | Date

Respondent's Name (Print) | Working Title | Reviewer's Name (Print) | Working Title

Date Returned to Grievant: [illegible]

If resolved at Step I, Grievant sign here.
Resolution must be described above.

Grievant's Signature | Date

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

Dax Hawkins

On July 06, 2025 at or about 13:30(PM) I was being transferred from Henry Ford Hospital (Jackson) to Duane Waters after having a surgical procedure for "OPEN HEART SURGERY." I was transported by Officers Osbourne and Dittmer. I was wheeled to the MDOC transport van this van was identified with the affixed numbers of: 6112 upon the dashboard. On this day the temperature was extremely hot and was in excess of •90F while sitting outside of the van in the scorching sun. I was assisted into the van and upon this I immediately felt the intense heat of the van, it was well above •100F inside of the van, the officers agreed this was intense. I asked them to hurry and turn on the AC unit within the van since there was no available alternative to reduce the temperature within the van, the windows do not open. When C/O Osbourne got into the van he turned the AC on for the front of the van. However, due to negligent equipment within the van the counsel was missing the required knobs to turn air on throughout the remainder of the van. Osbourne attempted to use alternative knobs to no avail. I informed Osbourne there was no air coming from the vents. By this time I was drenched from head to toe in sweat having just been in HEART SURGERY. While C/O Dittmer was returning the wheelchair to the hospital which took in excess of 5 minutes before returning. Upon her return I informed both Officers I was struggling to breathe. C/O Osbourne stated "We wouldn't be long" and drove off. No sooner than we left the parking lot I was again complaining of shortness of breath. Shortly after complaining at some point I passed out and was unconscious. Upon regaining consciousness I was in the parking lot of Duane Waters Hospital being shaken by Officers. I was laying on my side and C/O Osbourne kept telling me "Sit up" while belly chained he attempted to pull me up by my arm. I was screaming in pain and agony telling him "NO!" and "STOP!" I was still struggling in pain and agony while having extreme difficulty breathing. I was told by staff "It is shift change" and "To wait." Meanwhile, I am left sitting outside in the staggering, sweltering heat struggling to breathe. I was unable to stand on my own and C/O Dittmer had to lean against me to prop me up, otherwise I would have fallen under my own weight. Upon my admission into Duane Waters my blood pressure was so low 67/81. I was given ice water, and my vitals were again rechecked until they appeared normal.
This incident and the events described herein exhibited cruel and unusual punishment, treatment and a complete lack of care by the MDOC staff along with a complete disregard for human life including but not limited to. There was no way anyone coming from a surgery like I had should have been subjected to these events described herein. Nobody should be allowed to be transported in a van where the AC or heating units do not work. This is especially true when the heat exceeds •90F - •100F and leaving from a grave and dangerous procedure like OPEN HEART SURGERY. The MDOC and transportation staff have an obligation to maintain, check and ensure all vehicles are compliant and in working order. This is pure dereliction and negligence on the part of the MDOC and these officers involved.

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4248 5/09
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM** CSJ-247B

STEP 1 / 2 GRIEVANCE
RECEIVED IN GRIEVANCE
AUG 07 2025

Date Received by Grievance Coordinator at Step II: 8-7-25

Grievance Identifier: JCF 25 07 1448 28E

RECEIVED - MDOC
OFFICE ON
AUG 18 2025
Office of Legal Affairs

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: GC by 8-7-25. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Dax Hawkins | 532345 | JCF | E-22 | 7-6-25 | 8-4-25 |

**STEP II** — Reason for Appeal I was not untimely for I had valid reason for delay which I explained in grievance. An injustice was committed and needs to be answered for so such practices do not happen again.

**STEP II** — Response

See Attached

Date Received by Step II Respondent: 8/7/2025

STEP 1 / 2 GRIEVANCE
RECEIVED IN GRIEVANCE
AUG 08 2025

B. Morrison — Respondent's Name (Print)
[signature] — Respondent's Signature
8/8/25 — Date

Date Returned to Grievant: 8-8-25
OFFICE ON

**STEP III** — Reason for Appeal The administration clearly does not want to resolve this issue of cruel and inhumane behavior. My grievance was timely and for reasons explained clearly.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Gr vant

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I ______ Grievance Identifier: [illegible]

**Be brief and concise in describing your grievance issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Dax Hawkins | 532341 | JCF | E-22 | 6-4-25 | 6-12-25 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 5-30-25
If none, explain why.
On May 30, 2025 I sent a kite to Health Care complaining about breathing problems and it went un-answered.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

On June 4, 2025 Grievant woke up out of his sleep, because his chest was filled with fluid making it really difficult for him to breathe. Grievant alerted the unit officer and he contacted Health Care (HC), RN Schewell came to E-unit and took Grievant to HC. She assessed Grievant and said Grievant's vitals did not look normal and decided to send Grievant to the ER. Then she called the provider, the provider told her to give the Grievant a breathing treatment, RN Schewell had to call the provider 4 times before the provider agreed to send the Grievant to the ER. Henry Ford Hospital gave the Grievant an X-Ray and performed a Cat-scan, and it was revealed that Grievant had 17 percent heart function and that Grievant's heart had several blockages which was causing fluid to back up, causing the Grievant to struggle to breathe. The Grievant almost died several times and had to have a triple bypass heart surgery.
Grievant states that Health Care acted deliberately indifferent to his health concerns by not calling him out and properly examining Grievant when cited on May 30th, complaining about not being able to breathe. Health care misdiagnosed and mistreated Grievant leading to his heart failure. Grievant request that all of those who participated in his treatment prior to going to Henry Ford Hospital be held, for failure to [illegible] accordingly. This is the first available time for Grievant to write a grievance being that Grievant was in the hospital until July 2025.

Grievant's Signature [signature] 235341

RESPONSE (Grievant Interviewed? ☐ Yes ☐ No If No, give explanation. If resolved, explain resolution.)

Respondent's Signature ______ Date ______ Reviewer's Signature ______ Date ______

Respondent's Name (Print) ______ Working Title ______ Reviewer's Name (Print) ______ Working Title ______

Date Returned to Grievant: ______ | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature ______ Date ______

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4248 5/09
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM** CSJ-247B

RECEIVED IN GRIEVANCE

Date Received by Grievance Coordinator at Step II: 7-31-25 JUL 31 2025 Grievance Identifier: JCF 25 07 1392 28E

RECEIVED - MDOC

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: GC by 7-31-25. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Dax Hawkins | 532345 | JCF | E-22 | 6-4-25 | 7-28-25 |

**STEP II** — Reason for Appeal My grievance was deemed untimely although I was in the hospital for over 35 days. I do not know the full name of the staff involved #1. Jane Doe NP #2. Jane Doe RN #3. Jane Doe RN 4. Jane Doe RN I am not sure of the name of the Insurance provi either. The MDOC is also liable. My grievance should be taken serious because this negligent practice is normal practice

**STEP II** — Response

See Attached

Date Received by Step II Respondent: 8/4/2025

STEP 1 / 2 GRIEVANCE RECEIVED IN GRIEVANCE

AUG 05 2025

| B. Morrison | [signature] | 8/4/25 |
|---|---|---|
| Respondent's Name (Print) | Respondent's Signature | Date |

Date Returned to Grievant: 8-5-25

OFFICE ON

**STEP III** — Reason for Appeal The administration at JCF, is clearly acting in the interest of it's staff. If being in the hospital is not a good enough reason for the untimeliness of this grievance I don't know what is. I am planning to go all the way with this process, so I await a response.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

**Michigan Department of Corrections**
**GRIEVANCE REJECTION LETTER**

**DATE:** **7/15/2025**

**TO:** **HAWKINS** **532345** **LOCATION:** **JCF** **E-22**

**FROM:** **Grievance Coordinator: Cobb**

**SUBJECT:** Receipt/Rejection/Denial for Step I Grievance

Your Step I grievance regarding **untimely**
was received in this office on **7/15/2025** and was rejected due to the following reason:
**The Step I Grievance Office staff have carefully examined the content of your Step I grievance. This examination reveals that you have exceeded your time limits in filing a grievance on issue(s) that concern you, and at the same time provided no reasonable circumstance beyond your control that would have prevented you from filing this grievance in a timely fashion. This office is returing you grievance to you without investigation for these reasons. If you have further questions consult OP 03.02.130, which is available in the institutional library.**
Any future references to this grievance should utilize this identifier:

**JCF / 2025 / 07 / 1392 / 28E**

7-15-25

Respondent Date

7/17/25

Reviewer Date

MICHIGAN DEPARTMENT OF CORRECTIONS
4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator at Step II: ______________

Grievance Identifier: [illegible]

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: ______________ by [illegible]. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Dax Hawkins | 532345 | JCF | E-22 | 6-4-25 | 7-28-25 |

**STEP II** — Reason for Appeal My grievance was deemed untimely although I was in the hospital for over 35 days. I do not know the full name of the staff involved #1. Jane Doe NP #2. Jane Doe RN #3 Jane Doe RN #4. Jane Doe RN I am not sure of the name of the Insurance provider either. The MDOC is also liable. My grievance should be taken serious because this negligent practice is normal practice

**STEP II** — Response

Date Received by Step II Respondent:

Date Returned to Grievant:

Respondent's Name (Print) ______ Respondent's Signature ______ Date ______

**STEP III** — Reason for Appeal

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS-Bureau of Health Care

**HEALTH CARE REQUEST**

**PRISONER: COMPLETE SECTIONS A THROUGH D**

A NAME: Hawkins FACILITY:

NUMBER: 532345 LOCK: B-62 DATE: 5-14-2

B. This Health Care Request is for the following (check one or more): ☐ Health Record Copies ☐ Non-urgent

☐ Dental ☐ Medication Refill ☑ Medical ☐ Optometry ☐ Mental Health ☐ Urgent

C. I have the following problems/symptoms: I would like a respitory check-up, when I lay on either side I can't really breathe. There is a gurgling in my lungs, and heavy phlem production in my throat when laying down, but no issue when I'm upright. There is also pain in my sternum. These are all issues that I had when I was diagnosed with cancer in 08, which I have'nt had since.

D **NOTICE TO PRISONER**

You will not be denied health care services for lack of personal funds. However, if your account does not have adequate funds, the copayment will be considered an institutional debt and shall be collected as set forth in PD 04.02.105, "Prisoner Funds".

Signing this document formally requests treatment. In addition, it authorizes the DOC to treat or arrange treatment for you and to release any necessary medical information to facilitate that treatment, to review treatment, to respond to a related grievance, or to review any appeal you may make regarding the Department's decision to charge for the care.

I have read Section D above, or it has been read to me and I understand that I will be charged $5.00 for my health care visit unless it is for one of the reasons listed below in Section F. If I am charged for this visit, I agree that the $5.00 may be taken from my account.

Prisoner Signature: [signature] Date: 5-14-25

**PRISONER: DO NOT WRITE BELOW THIS LINE**

E **INSTRUCTIONS TO PRISONER**

MAY 16 0:36 [initials]

An appointment has been scheduled for you on: Date:

Signature: Title: Provider #: Date:

F **COPAYMENT** (to be filled out by health care):

Note: If none of the exceptions listed below apply, check the box below and a copay will be charged.

Care that is:

- requested by a QHP (includes transfer assessments, chronic care clinics, intake and annual screening, and required follow-up care)
- for injuries that are work-related as documented by the prisoner's work supervisor
- requested for testing for HIV, STD's, infestations, or reportable communicable diseases
- requested for evaluation, consultation, or treatment of a mental health need
- prompted by a medical emergency (see Section I of the policy, if self-inflicted)

☐ I have reviewed the visit of ____________ (Date) and certify none of these exceptions apply.

Signature: Title: Provider #: Date:

Distribution: White - Health Services, Canary - Prisoner, Pink - Business Office

Dax Hawkins #532345
Bellamy Creek Correctional Facility
1727 W. Bluewater Hwy.
Ionia, MI 48846

RECEIVED
NOV 13 2026
CLERK'S OFFICE
DETROIT

GND ADV
US POSTAGE
ZIP 48846 $ 010.

U.S. District Court
Eastern District of Michigan
Theodore Levin United States Courthouse
231 W. Lafayette Blvd.
Detroit, MI 48226

U.S. MARSHALS